J-S69016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: S.A.F.P.JR, A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.M.F., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2191 EDA 2019 |

Appeal from the Order Entered July 18, 2019
in the Court of Common Pleas of Bucks County,
Orphans' Court at No(s):  No. 2019-A9013.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED FEBRUARY 06, 2020**

K.M.F. (Mother) appeals the order terminating her rights to her seven-year-old son, S.A.F.P. Jr. (Child), pursuant to the Adoption Act. ***See*** 23 Pa.C.S.A. § 2511(a)(2), (5), (8), and (b).[1]  After review, we affirm.

In an opinion filed on September 26, 2019, the orphans' court provided a thorough recitation of the facts and procedural history of this case.[2] Therefore, we will only briefly summarize them.  Child, born in April 2011, was removed from Mother's custody in April 2017 due to concerns about Mother's substance abuse, lack of treatment, lack of supervision and protective

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] S.P. (Father) voluntarily relinquished his parental rights.

[2] ***See*** Orphans' Court Opinion, 9/26/19, at 1-12.

capacity, and because of the existence of domestic violence in the home. Bucks County Children and Youth Services Agency (CYS) had received six referrals for abuse against Child committed by Mother's paramour (D.R.).[3] Child was formally adjudicated dependent in May 2017. Child was placed in the home of his maternal aunt and uncle.

At the time of Child's adjudication, CYS developed a placement permanency plan, which consisted of objectives Mother needed to fulfill in order to be reunited with Child. Specifically, the plan obligated Mother to: 1) obtain and maintain suitable housing; 2) obtain and maintain a source of income; 3) obtain a mental health evaluation and follow any and all treatment recommendations; 4) maintain regular visitation with Child; 5) submit to random urine testing; and 6) address domestic violence concerns. Over the course of the dependency case, Mother did not make significant progress toward accomplishing any of these objectives. Of note, Mother chose to remain in a violent relationship with her paramour instead of alleviating the principal concerns that led to Child's removal.

On February 5, 2019, CYS filed a petition to involuntarily terminate Mother's parental rights.[4] The orphans' court conducted evidentiary hearings

_____

[3] In light of this Court's redaction of all information that might identify Child, we note that D.R. is most commonly identified as "Mr. R." in the attached orphans' court opinion. **See** Orphans' Court Opinion, 9/26/19, *passim* (redacted).

[4] In the parties' briefs and in the orphans' court opinion, there is reference to a January 2019 goal change hearing. Those specifics are not in the record.

in March 27, 2019. At the hearings, Child was represented by his guardian *ad litem*, who indicated that Child's legal interests merged with his best interests. On July 8, 2019, the orphans' court entered the order granting the petition under 23 Pa.C.S.A. § 2511(a)(2), (5), (8) and (b). Mother timely filed this appeal.

Mother raises the following issues for our review:

1. Did the [orphans'] court erroneously grant [CYS's] petition to involuntarily terminate the parental rights of [Mother] pursuant to 23 Pa.C.S.A. § 2511(a)(2) when [CYS] failed to prove the grounds thereunder by clear and convincing evidence?

2. Did the [orphans'] court erroneously grant [CYS's] petition to involuntarily terminate the parental rights of [Mother] pursuant to 23 Pa.C.S.A. § 2511(a)(5) when [CYS] failed to prove the grounds thereunder by clear and convincing evidence?

3. Did the [orphans'] court erroneously grant [CYS's] petition to involuntarily terminate the parental rights of [Mother] pursuant to 23 Pa.C.S.A. § 2511(a)(8) when [CYS] failed to prove the grounds thereunder by clear and convincing evidence?

4. Did the [orphans'] court erroneously move its inquiry to the needs and welfare of [C]hild pursuant to 23 Pa.C.S.A. § 2511(b) and erroneously find that termination would best meet said needs and welfare when [CYS] failed to prove grounds for involuntary termination of parental rights pursuant to the grounds alleged under 23 Pa.C.S.A. § 2511(a)(2), (5), and (8) by clear and convincing evidence?

5. Did the trial court erroneously find that the needs and welfare of [C]hild as contemplated under 23 Pa.C.S.A. 2511(b) were best met by terminating the parental rights of [Mother]?

Mother's Brief at 6.

In reviewing an appeal from an order terminating parental rights, we adhere to the following principles:

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. ***In re: R.J.T.***, 9 A.3d 1179, 1190 (Pa. 2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. ***Id***.; ***In re R.I.S.***, 36 A.3d 567, 572 (Pa. 2011) (plurality). As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. ***Id.***; ***see also Samuel–Bassett v. Kia Motors America, Inc.***, 34 A.3d 1, 51 (Pa. 2011); ***Christianson v. Ely***, 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. ***Id.***

> As we discussed in ***R.J.T.***, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. ***R.J.T.***, 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. ***In re Adoption of Atencio***, 650 A.2d 1064, 1066 (Pa. 1994).

*In re I.E.P.*, 87 A.3d 340, 343–344 (Pa. Super. 2014) (quoting *In re Adoption of S.P.*, 47 A.3d 817, 826–827 (Pa. 2012)).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009). We have explained that the "standard of clear and convincing evidence is defined as testimony that is so 'clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue.' " *Id*. (quoting *In re J.L.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)). Moreover, this Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a). *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*).

Here, the orphans' court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2), (5), (8) and (b). We focus our review on subsections (a)(2) and (b), which provide as follows:

> **§ 2511. Grounds for involuntary termination**
>
> **(a) General rule**.—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

* * *

**(b) Other considerations**.—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511. This Court has explained that the focus in terminating parental rights under section 2511(a) is on the parent, but under section 2511(b), the focus is on the child. ***In re Adoption of C.L.G.***, 956 A.2d 999, 1008 (Pa. Super. 2008) (*en banc*).

Mother argues that the conditions which led to Child's removal are in the process of being remedied. Mother's Brief at 18. Mother notes that she has cooperated in her treatment plans and improved in her communication with the foster parents. ***Id.*** at 19. Although Mother admits to the domestic violence concerns involving her paramour, she argues that Child was never exposed to those issues. ***Id.*** at 20. Finally, Mother argues that she has a worthwhile bond with Child; and that although his preference is to reside with the foster parents, Child maintained that he wanted contact with Mother. ***Id.*** at 29.

In response, the orphans' court has provided a thorough evaluation supporting termination of Mother's parental rights to Child pursuant to each

challenged provision, including 23 Pa.C.S.A. § 2511(a)(2) and (b). Having reviewed the notes of testimony and the certified record, we conclude that the Honorable Gary B. Gilman's findings and conclusions are supported by clear and convincing evidence of record, and we adopt Judge Gilman's opinion as our own.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20

---

[5] The parties are directed to attach a copy of the orphans' court opinion of September 25, 2019 to any future filings in this matter.